IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**KIRK ALAN SWEARINGEN, No. 13912-081,**

      **Petitioner,**

                                    **CIVIL NO. 11-cv-307-DRH**

**vs.**

**BUREAU OF PRISONS,**

      **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, currently incarcerated in the USP-Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241, seeking an order requiring the respondent to remove inaccurate information from his presentence investigation report ("PSR") and Inmate Central File.

Petitioner was convicted in June 2007 in the Federal District Court of Utah, where he pled guilty to possession of child pornography and was sentenced to 120 months imprisonment. Petitioner did not file a direct appeal of his conviction, nor did he file a motion pursuant to 28 U.S.C. § 2255 seeking review of the conviction or sentence. In the instant action, petitioner does not challenge the constitutionality of his confinement, but alleges that he is being hurt by the false statements, unverifiable allegations, and damaging assumptions contained in the PSR, because this inaccurate information is being used in making decisions regarding his prison

classification, psychological counseling, and ability to participate in prison programs (Doc. 1, p. 7-9; Doc. 1-4, p. 4).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b). After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 ( Cir. 1991). Changes in a prisoner's security level or changes in confinement from one prison to another also cannot be attacked using 28 U.S.C. § 2241. *See Bunn v. Conley*, 309 F.3d 1002, 1008 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999). Here, petitioner is not seeking release, nor does he take issue with the duration of his custody, thus § 2241 is not the appropriate vehicle to obtain the relief he requests.

Relying on *Sellers v. Bureau of Prisons*, 959 F.2d 307 (D.C. Cir. 1992), petitioner seeks to hold the respondent to a requirement that its files must contain accurate information, and wants to correct errors in his PSR and inmate file. In *Sellers*, however, the plaintiff brought his action seeking correction of inaccurate records under the Privacy Act, 5 U.S.C. § 552a.

The Seventh Circuit has recently observed that a § 2241 petition cannot be used to amend or correct a PSR where the petitioner could make no connection between the alleged inaccuracies in his PSR and either the fact of his conviction or the length of his sentence. *Blackshear v. Lockett*, 411 F. App'x 906, 907 (7th Cir. 2011) (citing *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973); *Mitchell v. U.S. Parole Comm'n,* 538 F.3d 948, 952 (8th Cir. 2008); *Montgomery v. Anderson,* 262 F.3d 641, 643–44 (7th Cir. 2001)). Like the petitioner in *Blackshear*, petitioner here has not alleged that the false information in his PSR would in any way affect the length of his sentence or have any bearing on his conviction. Whether or not petitioner might succeed in obtaining the relief he seeks through an action under the Privacy Act is not a matter before this Court, and the undersigned expresses no opinion on the merits of such a claim.

For the reasons stated above, § 2241 cannot provide petitioner with the desired relief, and this action is summarily **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**DATED:   October 18, 2011**

Digitally signed by David R. Herndon
Date: 2011.10.18 15:04:17 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**